IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01429-BNB

SCOTT ALEX COPLEN,

    Plaintiff,

v.

ANTHONY OSAGIE,
DAVID ALLRED,
C. DANIELS,
D. BERKEBILE,
LISA GREGORY,
PAUL HARVEY,
(FNU) NEHLS,
PAUL LAIRD,
(FNU) MCDERMOTT, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

    Plaintiff, Scott Alex Coplen, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  He has submitted *pro se* a Prisoner Complaint (ECF No. 1), and has been granted leave to proceed pursuant to 28 U.S.C. § 1915.  On June 14, 2013, Mr. Coplen filed an emergency motion for a temporary restraining order (ECF No. 4).

    The Court must construe liberally the June 14 motion for a preliminary injunction because Mr. Coplen is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However,

the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.

For the reasons stated below, the motion for a preliminary injunction will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  See *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued.  See Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs."  *Id.*  Because Mr. Coplen is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  See *id.* at 1209.

Mr. Coplen alleges that for the past eleven months he has been in severe pain from a spinal condition which is worsening, and Defendants refuse to provide him with an MRI (magnetic resonance imaging) and a referral to a qualified orthopedic specialist.  See ECF No. 4 at 2, 6.  He speculates that, if untreated, his condition may result in disability.  *Id.* at 2.  The allegations in the motion for preliminary injunction are related to

two of the three claims in the complaint Mr. Coplen filed.

Mr. Coplen's allegations do not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  Therefore, the motion for a preliminary injunction will be denied.

Accordingly, it is

ORDERED that the emergency motion for a preliminary injunction (ECF No. 4) that Plaintiff, Scott Alex Coplen, filed on June 14, 2013, is denied.

DATED at Denver, Colorado, this  24th  day of    June    , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court